UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTINE C. SPRAUL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-282

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S FINDING THAT PLAINTIFF WAS NOT DISABLED BEFORE MAY 2, 2017 AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS AS OF SEPTEMBER 22, 2015; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Docs. 6, 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 9), and the record as a whole.[2]

I.

    **A.**    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of September 22, 2015. PageID 266-78. Plaintiff claims disability as a result of a number of alleged impairments

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

including, *inter alia*, degenerative disc disease of the lumbar and cervical spine, osteoarthritis, and bilateral carpal tunnel syndrome. PageID 71.

After an initial denial of her application, Plaintiff received a hearing before ALJ Deborah Sanders on February 16, 2018. PageID 88-126. The ALJ issued a written decision on August 1, 2018 finding Plaintiff disabled as of May 2, 2017, but not disabled prior to that date. PageID 67-79. With regard to the time prior to May 2, 2017, the ALJ found at Step Four that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] she "was capable of performing [her] past relevant work as a paralegal." PageID 72-77.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 26-29. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal with regard to the ALJ's finding that she was not disabled prior to May 2, 2017. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B. Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 71-79), as well as the parties' briefing on appeal (docs. 10, 13, 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work -- *i.e.*, work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

The sole assignment of error on appeal concerns the ALJ's determination of Plaintiff's RFC prior to May 2, 2017. Doc. 10 at PageID 1209. Specifically, the ALJ found that Plaintiff possessed the following RFC prior to May 2, 2017:

> Lift and carry no more than 15 pounds occasionally and 10 pounds frequently. No more than occasional stooping, kneeling, crouching, crawling, or climbing of ramps and stairs. No more than occasional overhead reaching with the right upper extremity. No work at unprotected heights, around dangerous machinery, operating a motor vehicle, or climbing of ladders, ropes, or scaffolds.

PageID 72. Based on such RFC, the ALJ found Plaintiff capable of performing her past relevant work and, therefore, was not disabled prior to May 2, 2017. PageID 77.

However, beginning on May 2, 2017, Plaintiff's RFC included an additional limitation to "no more than occasional handling and fingering bilaterally." PageID 76. With the addition of

such limitation, the ALJ found Plaintiff could not perform either her past relevant work or any other job existing "in significant numbers in the national economy." PageID 78. Accordingly, the ALJ found Plaintiff disabled as of May 2, 2017. *Id*.

Significantly, the ALJ chose May 2, 2017 as the onset of Plaintiff's handling and fingering limitations because that is the date Plaintiff underwent an electromyogram ("EMG") of her upper extremities, which confirmed her diagnosis of carpal tunnel syndrome. PageID 589-90. However, according to Plaintiff, the record reflects that she had difficulty using her hands well before May 2, 2017 and, therefore, the ALJ erred by failing to find her disability onset occurred earlier. Doc. 10 at PageID 1209.

Social Security Ruling ("SSR") 83-20 "provides guidelines for determining the onset date of disability[.]" *Roy v. Sec'y of Health & Human Servs.*, No. 87-5756, 1989 WL 69537, at *5 (6th Cir. June 27, 1989). "In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." SSR 83-20, 1983 WL 31249, at *2 (Jan. 1, 1983). Generally, "[t]he starting point in determining the date of onset of disability is the individual's statement as to when disability began." *Id*. However, "[t]he medical evidence serves as the primary element in the onset determination." *Id*. Ultimately, in determining the disability onset date, "the date alleged by the individual should be used if it is consistent with all the evidence available." *Id*. at *3.

Here, Plaintiff's alleged onset date is September 22, 2015. PageID 301. In support of her application for benefits, Plaintiff submitted her own functional assessment dated December 2015, in which she stated that, *inter alia*, she had difficulty typing and lifting with her right hand. PageID 320. Plaintiff's former employer -- an attorney in Springfield, Ohio -- submitted a statement in August 2016 corroborating Plaintiff's assessment and noting that Plaintiff experienced difficulty

typing as far back as 2013; that she could not type at all with her right arm; and that she experienced swelling in her right arm beginning in May 2013. PageID 356. In May 2017, Plaintiff's employer submitted a second statement representing that, although Plaintiff had reduced her work hours to 15 a week, in August 2016 she began missing work or leaving work early because of pain in her arms. PageID 357-58.

Medical treatment notes of record further corroborate Plaintiff's allegations regarding use of her hands as well as her alleged onset date. Treatment notes as far back as October and November 2015 -- *i.e.*, near in time to Plaintiff's alleged onset date -- document that Plaintiff regularly reported and showed symptoms consistent with carpal tunnel syndrome, such as numbness and weakness in her right hand, and displayed decreased sensation and strength in her left hand. PageID 385, 431-34, 492, 540-44, 548, 820-21, 889, 991, 1053.

Despite the foregoing evidence, the ALJ made no specific finding as to whether Plaintiff's complaints of hand and finger limitations were inconsistent with her alleged onset date. In fact, it does not appear that the ALJ applied SSR 83-20 at all in determining Plaintiff's onset date. Instead, the ALJ appears to have simply defaulted to the date diagnostic testing conclusively showed she suffered from carpal tunnel syndrome as the onset date. PageID 76. This is reversible error. *Roy*, 1989 WL 69537 at *6 ("[I]t is not consistent with SSR 83-20 to equate the date of onset with the date of diagnosis"); *see also Lichter v. Bowen*, 814 F.2d 430, 436 (7th Cir. 1987) (finding error where "the ALJ's determination of the onset date might have been different had he applied SSR 83-20").

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the

6

Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

From the undersigned's perspective, Plaintiff's alleged onset date "is consistent with all the evidence available" and, therefore, her alleged onset date of September 22, 2015 "should be used." SSR 83-20, 1983 WL 31249, at *3. Because "SSR 83-20 compels the conclusion that the onset date of [Plaintiff's] disability was" September 22, 2015, a remand is required only for the purpose of awarding benefits to Plaintiff as of that date.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's finding -- that Plaintiff was not disabled prior to May 2, 2017 -- is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits as of September 22, 2015; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   August 18, 2020                                s/ Michael J. Newman
                                                                         Michael J. Newman
                                                                         United States Magistrate Judge